[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10866
Non-Argument Calendar

_____

D. C. Docket No. 05-00358-CV-FTM-99-SPC

JOHN WEST DAVIS,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
WARDEN BARRY,
ASST. WARDEN LANGFORD,
ASST. WARDEN LOWE,
D. K. HENSON, Mayor, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 7, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

John West Davis, a state prisoner proceeding pro se, appeals from the

district court's order dismissing his 42 U.S.C. § 1983 civil rights complaint, for failure to exhaust available administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996). On appeal, Davis argues that the district court erred in failing to properly evaluate his compliance with the administrative regulations governing inmate grievances. He contends that the district court failed to consider the grievance response procedures regarding the time frames in which Florida Department of Corrections ("FDOC"), officials must respond to inmate grievances. He argues that as FDOC officials failed to timely respond to his grievances, he properly exhausted available administrative remedies, and dismissal was therefore improper.

We review de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under § 1997e(a). Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998). In ruling on a motion to dismiss, the district court treats all allegations in the complaint as true, and all reasonable inferences are to be drawn in the plaintiff's favor. Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001) (reviewing a denial of the defense of qualified immunity).

The PLRA provides that "[n]o action shall be brought with respect to prison

2

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion of administrative remedies," and a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. ___, 126 S.Ct. 2378, 2387-93, ___ L.Ed.2d ___ (2006).

The Florida Administrative Code ("FAC"), states, "informal grievances must be received within a reasonable time of when the incident or action being grieved occurred. Reasonableness shall be determined on a case-by-case basis." Fla. Admin.Code Ann. r. 33-103.011(1)(a). Direct grievances must be received within 15 calendar days from the date on which the incident or action being grieved occurred. Id. at 33-103.011(1)(d). Furthermore, where an inmate's grievance is denied for failure to timely file, he is barred from bringing a federal action on his claim, as he did not fully and properly exhaust his administrative remedies. Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005).

The FAC further lays out the grievance procedures available to inmates within the FDOC. See Fla. Admin. Code Ann. r. 33-103. It states, "inmates shall utilize the informal grievance process prior to initiating a formal grievance except

3

in the case of an emergency grievance. . . . [or] a medical grievance. . . ." Id. at 33-103.005(1).  Within 10 calendar days of receipt of an informal grievance by the reviewing authority, a written response shall be provided to the filing inmate.  See id. at 33-103.011(3)(a).  If the inmate's informal grievance is denied, he may file a formal grievance.  Id. at 33-103.006(2)(h).  If the issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the FDOC.  Id. at 33-103.007.  Where the inmate does not agree to an extension of the time in which he will be provided a response to his grievance, "expiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process."  Id. at 33-103.011(4).

Upon the filing of an emergency grievance, which bypasses the informal grievance process, "[i]f an emergency is not found to exist, a response will be provided to the inmate indicating that the complaint is not an emergency with instructions to resubmit at the proper level, signed and dated by the responding employee, and returned to the inmate within 72 hours of receipt."  See id. at 33-103.006(3)(a)(4) (internal quotations omitted).  Where the inmate has not agreed to an extension of time at the central office level of review, and the office fails to respond within the mandated time frame, "[the inmate] shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies."

4

Id. at 33-103.011(4).

Upon review of the district court record and Davis's appellate brief, we find reversible error. Davis fully and properly exhausted his available administrative remedies. However, the FDOC office failed to provide timely responses to Davis' grievances as required by Fla. Admin. Code Ann. r. 33-103.006(3)(a)(4) (2007) and 33.103.011(3) and (4). Accordingly, we vacate the district court's order dismissing the complaint, and remand for further consideration.

**VACATE AND REMAND.**